

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS ex rel. VILLAGE OF BROADVIEW, ILLINOIS an Illinois Municipal Corporation, Plaintiff, v. VILLAGE OF NORTH RIVERSIDE, ILLINOIS an Illinois Municipal Corporation, the UNITED STATES OF AMERICA, by and through its agency, the ARMY CORPS OF ENGINEERS, Defendants. | Case No. 05 C 4737 Wayne R. Andersen District Judge |

## MEMORANDUM ORDER AND OPINION

This case is before the Court on defendant Village of North Riverside's ("Riverside") motion to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, we grant the defendant's motion to dismiss.

## BACKGROUND

Plaintiff, the Village of Broadview ("Broadview"), has brought this action against the Village of North Riverside and the United States of America for *quo warranto* and declaratory judgment. This case was originally filed in the Circuit Court of Cook County. The United States of America removed this action from state court to federal court pursuant to 28 U.S.C. § 1442(a)(1).

On February 18, 2003, the United States of America entered into an annexation agreement with the Village of North Riverside regarding the disputed territory ("Subject

Territory"). In April of 2004, the United States of America, by and through the Chief Engineer for the Army Corps Louisville District, filed a Petition for a non-court controlled annexation for the Subject Territory pursuant to 65 ILCS 5/7-1-8 with the Village of North Riverside. On August 9, 2004, defendant, Village of North Riverside adopted an ordinance annexing the disputed territory into its corporate limits purportedly being a voluntary, non-court controlled annexation pursuant to 65 ILCS 5/7-1-8. The Village of Broadview was not notified of the proposed annexation of the Subject Territory; however, at all times it objected to the annexation of the Subject Territory to North Riverside.

The Subject Territory has been and is serviced with municipal water utility service by plaintiff, the Village of Broadview, through its municipally owned water distribution system. Additionally, the Village of Broadview, has been and is providing street maintenance and other municipal services to the Subject Territory.

Army Regulation 405-25 sets forth the basic policies of the Department of the Army when a political subdivision of a State seeks to change its boundaries such that the new boundaries would include land under control of the Department of the Army. Section 3 of Army Regulation 405-25 states that "[g]enerally, the Department of the Army will not approve an annexation proposal if the annexation is opposed by another political subdivision of the State." The Village of Broadview alleges at all times it objected to the annexation of the Subject Territory to North Riverside.

Section 4 of Army Regulation 405-25 requires that the District Engineer of the Army Corps of Engineers prepare an Annexation Assembly and Evaluation Report to ensure that Army annexation policies are being complied with, and Section 5 of Army Regulation 405-25 details

the information the Report must include. This information includes an in-depth consideration of the problems which might arise such as disruptions in utilities and also a discussion of interests or objections by other political subdivisions.

The Village of Broadview alleges that the Village of North Riverside misrepresented to the United States of America that no political subdivisions opposed the annexation of the Subject Territory into the Village of North Riverside. Broadview also alleges that North Riverside misrepresented that it has the capability to provide sewer and water service to the Subject Territory.

The Village of Broadview alleges that because of misrepresentations by the Village of North Riverside, the petition for annexation submitted by the Army Corps of Engineers did not comply with Army Regulations, and thus, it was not authorized. Further, Broadview alleges that the United States proceeded with the annexation of the Subject Territory because of the misrepresentations by the Village of North Riverside and, had it not been for these misrepresentations, the United States would not have submitted a petition for annexation.

Broadview's complaint contains two counts. First, Broadview brings a claim for *quo warranto* on behalf of the People of the State of Illinois against the Village of North Riverside pursuant to 735 ILCS 5/18-101 *et. seq.* Broadview requests that both the Cook County State's Attorney's Office and the Illinois Attorney General's Office institute *quo warranto* proceedings pursuant to 735 ILCS 5/18-101 *et. seq.* However, both offices refused to institute the *quo warranto* proceedings. Leave to file the *quo warranto* action was granted by the Circuit Court of Cook County on August 8, 2005. Second, Broadview brings a claim for declaratory judgment pursuant to 28 U.S.C. 2201 against both the Village of North Riverside and the United States of

America. Broadview asks that the declaratory judgment prohibit the Village of North Riverside from enforcing its existing annexation ordinance with respect to the Subject Territory.

## STANDARD OF REVIEW

A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss, the court must assume all facts alleged in the complaint to be true, and it must draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001).

## DISCUSSION

Count I. *Quo Warranto*

*Quo Warranto* is the proper remedy used to challenge the annexation of a territory by a municipal corporation. *People ex rel. Van Cleave v. Village of Seneca*, 165 Ill.App.3d 410, 412, 519 N.E.2d 63, 65 (1988). It is an extraordinary remedy and may only be brought by private parties under special circumstances. *People ex rel. Graf v. Village of Lake Bluff*, 206 Ill.2d 541, 547, 795 N.E.2d 281, 284 (2003). A private party may bring an action in *quo warranto* when the party: (1) can demonstrate that the Attorney General and State's Attorney, have been asked to bring the proceeding, and have refused to bring the proceeding; (2) can show that it has a personal interest distinct from the interest of the general public; and (3) has been granted leave by a court to file the action. 735 ILCS 5/18-102; *see also People ex. rel. Village of Long Grove v. Village of Buffalo Grove*, 162 Ill.App.3d 340, 345, 515 N.E.2d 438, 442 (1987). The first and third requirements for instituting a proceeding in *quo warranto* are not at issue here. The

Attorney General and State's Attorney both refused to bring the *quo warranto* proceeding, and the Village of Broadview was subsequently granted leave by the circuit court to file this *quo warranto* proceeding.

The second requirement, that the private party have a private interest, is an issue in this case. The private party's interest must be directly, substantially, and adversely affected by the action sought to be challenged in the *quo warranto* proceeding. *People ex rel. Village of Long Grove v. Village of Buffalo Grove*, 162 Ill.App.3d 340, 345, 515 N.E.2d 438, 442 (1987). Additionally, the damage to the private interest must be occurring or be certain to occur. *People ex rel. Village of Long Grove v. Village of Buffalo Grove*, 162 Ill.App.3d 340, 345, 515 N.E.2d 438, 442 (1987). The private interest must be personal to the plaintiff; however, private and public interests are not mutually exclusive. *People ex rel. Village of Long Grove v. Village of Buffalo Grove*, 162 Ill.App.3d 340, 345, 515 N.E.2d 438, 442 (1987). Thus, a private party will not be barred from bringing a *quo warranto* action simply because the wrong sought to be remedied also has a public element. *People ex rel. Village of Long Grove v. Village of Buffalo Grove*, 162 Ill.App.3d 340, 345, 515 N.E.2d 438, 442 (1987).

In this case, the Village of Broadview alleges that it has combined governmental and proprietary interest and responsibility in providing municipal services to the Subject Territory. The Village of Broadview seemingly has two possible methods of claiming a private interest. First, it alleges that "[t]he incorporation of the Subject Territory by the Village of North Riverside would . . . be detrimental to the economic base of the Village of Broadview's municipal water distribution system." (Compl. ¶ 12). In essence, Broadview is claiming it will lose revenue and this entitles it to a private interest. Second, Broadview claims that because the

5

Subject Territory is provided with municipal services by Broadview it has a private interest. These services include municipal water utility service through Broadview's municipally owned water distribution system, and street maintenance and other municipal services. Under Illinois law, these claims do not constitute a private interest, and thus, the Village of Broadview does not have standing to bring these proceedings in *quo warranto*.

Broadview's first contention that the annexation will be detrimental to the economic base of its municipal water system does not constitute a private interest. In *People ex rel. Van Cleave v. Village of Seneca*, 165 Ill.App.3d 410, 412-13, 519 N.E.2d 63, 65 (1988), the court found that a township did not have a private interest when it asserted that it would lose motor fuel tax revenue because certain township roads were annexed by another municipality. Additionally, in *People ex rel. Graf v. Village of Lake Bluff*, 206 Ill.2d 541, 547-48, 795 N.E.2d 281, 284 (2003), the Supreme Court of Illinois Court came to nearly the same conclusion. The Illinois Supreme Court stated that when an annexation caused a township to lose motor fuel tax revenue, it was insufficient to establish a private interest. The Court noted that in addition to losing jurisdiction over the roads, the township would also eliminate its responsibility for road maintenance. *People ex rel. Graf v. Village of Lake Bluff*, 206 Ill.2d 541, 547-48, 795 N.E.2d 281, 284 (2003). Thus, Illinois law is clear that loss of revenue alone will not establish a private interest. Additionally, it is worth noting that although the Village of Broadview may lose revenue, it may also be relieved of the maintenance for part of its municipal water system.

Broadview additionally fails to establish a private interest by alleging that it provides the Subject Territory with water, street maintenance and other municipal services. Activities such as these do not establish a private interest under Illinois law. The Illinois Appellate Court, in *People*

*ex rel. City of North Chicago v. City of Waukegan*, 116 Ill.App.3d 88, 91, 451 N.E.2d 293, 295 (1983), did note that "[t]he interest, and responsibility, imposed upon a city for police, fire, street maintenance and other services over a territory within its corporate limits is sufficient to permit it to challenge in *quo warranto* the purported annexation of a portion of its territory." The instant case, however, is distinguishable because Broadview is not challenging the annexation of its own territory. Broadview does note that the Subject Territory was "formerly incorporated into the Village of Broadview," (Compl. ¶ 7) but Broadview explicitly states that "[a]t all relevant times, the Subject Territory was unincorporated territory owned by the United States of America." (Compl. ¶ 7). There is no case law establishing a private interest when a municipality provides a territory with municipal services but does not allege that the territory was an incorporated part of the municipality. Thus, the fact that the Village of Broadview provides municipal services to the Subject Territory fails to establish a private interest in the annexation because Broadview does not allege that at the time of annexation the Subject Territory was part of the Village of Broadview.

Based on the foregoing, we find that the Village of Broadview has not established a private interest with regard to the annexation of the Subject Territory. A private interest is a required element for a private entity to bring a proceeding in *quo warranto*. Because the Village of Broadview cannot establish a private interest, it has no standing to bring this proceeding in *quo warranto* and, thus, this count must be dismissed.

Count II. Declaratory Judgment

In Count II the Village of Broadview brings a proceeding for declaratory and other ancillary relief under Section 2201 of the Federal Rules of Civil Procedure. Although Count II is

vague, it appears that the Broadview has four separate bases for its declaratory judgment proceeding. Under the facts alleged, we find that Broadview is not entitled to declaratory or other ancillary relief; thus, Count II is also dismissed.

To begin with, it is clear under Illinois law that declaratory judgment is not the correct vehicle to challenge an annexation. As many Illinois courts have held, "[i]t is abundantly clear that the proper remedy for questioning an annexation which has been accomplished is Quo warranto" and arguments that declaratory judgment can act as a concurrent remedy have not been found to be persuasive. *Edgewood Park No. 2 Homeowners Association v. Countryside Sanitary District*, 42 Ill.2d 241, 245 , 246 N.E.2d 294, 297 (1969); *see e.g. Department of Disabled American Veterans v. Bailczak*, 38 Ill.App.3d 848, 850-851, 349 N.E. 2d 897, 899-900 (1976) ("*quo warranto* has unequivocally been granted exclusive status in testing the validity of annexation proceedings"); *People ex rel. City of North Chicago v. City of Waukegan* 116 Ill.App.3d 88, 91, 451 N.E.2d 293, 295 (1983) ("*quo warranto* is the established remedy to test the validity of an annexation by a municipality"); *People ex rel. Van Cleave v. Village of Seneca* 165 Ill.App.3d 410, 412, 519 N.E.2d 63, 65 (1988) ("[q]uo warranto is the proper remedy for seeking to invalidate annexation of a territory by a municipal corporation"); *People ex rel. Ropac v. City of Edwardsville,* 345 Ill.App.3d 414, 416, 802 N.E.2d 275, 277 (2003) ("[t]he proper remedy for questioning an annexation that has been accomplished is *quo warranto*"). Thus, although most of the Village of Broadview's bases for declaratory relief are precluded by the fact that *quo warranto* is the only appropriate means for challenging a completed annexation, each possible basis for relief will be discussed separately.

Broadview's first possible basis for declaratory relief is that the annexation occurred in violation of Army Regulations:

> Because of the misrepresentations of the Village of North Riverside, the petition for annexation submitted by the Army Corps did not comply with applicable military regulations for the execution of such petitions, and was not authorized. Colonel Rowlett had no authority to execute the petition on behalf of the United States of America. (Compl. ¶ 34)

No relief can be granted under this basis for declaratory relief because Broadview's declaratory judgment count is based on Army Regulations which it lacks standing to enforce. Broadview alleges that the Army Corps of Engineers acknowledged that the annexation agreement and the annexation itself were entered into on the bases of misrepresentation by the Village of North Riverside. Broadview further alleges that because of these misrepresentations, Army Regulation 405-25 Section 3 and Section 5 were violated and the petition for annexation was not authorized. Army Regulations, however, do not provide a private right of action. *See Khalid v. Bush*, 355 F.Supp.2d 311, 326 (D.C. Cir. 2005) (holding that Army Regulations regarding the detainment of prisoners did not create a private right of action); *see also Gammill v. United States*, 727 F.2d 950, 953 FN4 (10th Cir. 1984) (stating that Army Regulations regarding operating procedure for reporting communicable disease did not create a private right of action). For these reasons, Broadview's claim that the annexation occurred in violation of Army Regulations does not provide a proper basis for it to recover for declaratory relief.

Broadview's second possible basis for declaratory relief is that the Village of North Riverside misrepresented essential facts to the United States of America and the government relied on those facts in submitting a petition for annexation to the Village of North Riverside:

> Based upon the Village of North Riverside's misrepresentation to the United States of America that the Village of Broadview did not oppose the annexation

of the Subject Territory into the Village of North Riverside, and that North
Riverside has the capability to provide sewer and water service to the Subject
Territory, the U.S. proceeded with the annexation of the Subject Territory. If the
Village of North Riverside had not so misrepresented these facts to the United
States of America, the United States of America would not have submitted a
petition for annexation to the Village of North Riverside. (Compl. ¶ 35).

This basis for relief is precluded by the fact that *quo warranto* is the only method of challenging a completed annexation. However, even if it were not precluded, Broadview is still not entitled to relief for these misrepresentations.

In Illinois, "the elements a plaintiff needs to plead and prove in fraudulent misrepresentation complaint are: (1) a false statement of material fact; (2) knowledge or belief of the falsity by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements; and (5) damage to the other party resulting from such reliance." *Schrager v. North Community Bank*, 328 Ill.App.3d 696, 703, 767 N.E.2d 376, 381-82 (2002). Additionally, "the reliance on the part of the plaintiff must have been justifiable." *Neptuno Treuhand-Und Verwaltungsgesellschaft Mbh v. Arbor*, 295 Ill.App.3d 567, 571, 692 N.E.2d 812, 815 (1998). In the instant case, the Village of Broadview simply is not the correct party to assert misrepresentation. The misrepresentations by the Village of North Riverside were made to the United States of America, and it was the United States of America that acted, relied, and was arguably damaged by those misrepresentations. Thus, Broadview may not recover for Riverside's alleged misrepresentations.

Broadview's third possible basis for relief is that there are errors in the petition for annexation and these errors entitle it to relief:

> The petition for annexation . . . submitted by the United States of America of the
> Subject Territory pursuant to Section 7-1-8 states under oath, that the Subject

Territory *is located within the corporate limits of another municipality.* (Compl. ¶ 19).

The basis of this argument is that the petition for annexation did not comply with 65 ILCS 5/7-1-8 because the statute requires that the territory "not [be] within the corporate limits of any municipality" 65 ILCS 5/7-1-8. This argument fails because it is clear and all parties agree that "[a]t all relevant times, the Subject Territory was unincorporated territory owned by the United States of America." (Compl. ¶ 7). Additionally, this error in the petition does not violate the statutory language of 65 ILCS 5/7-1-8.

Broadview's complaint clearly states that all of the requirements for a non-court controlled annexation pursuant to 65 ILCS 5/7-1-8 were met. The complaint states that the Subject Territory was not within the corporate limits of another municipality (Compl. ¶ 7); the Subject Territory was contiguous to the annexing municipality (Compl. ¶ 8); the Subject Territory did not have any electors residing thereon, and thus, the petition for annexation was signed by the owner of record of the property (Compl. App. B). Additionally, the complaint indicates that the annexation ordinance was adopted by a majority vote of the corporate authorities and a copy of the ordinance and an accurate map were recorded with the Recorder of Deeds. (Compl. App. D). Thus, all of the statutory requirements for annexation pursuant to 65 ILCS 5/7-1-8 were met and the errors in the petition for annexation do not entitle Broadview to declaratory relief.

Finally, Broadview's fourth possible basis for declaratory relief is that the annexation is invalid because the annexation was conditioned on an invalid annexation agreement in which North Riverside did not comply with the mandatory notice and public hearing requirements set out in 65 ILCS 5/11-15.1-3.

11

Broadview's complaint clearly states that all of the requirements for a non-court controlled annexation pursuant to 65 ILCS 5/7-1-8 were met. Broadview contends, however, that the annexation was nonetheless invalid because it was conditioned on an invalid annexation agreement. Broadview does show that the "wherefore" clause of the petition for annexation states that the annexation is "subject to the approval of an annexation agreement" (Compl. App. B), and additionally provides the agreement itself (Compl. App. C).

In Illinois annexations may be conditioned upon formal annexation agreements which are governed by 65 ILCS 5/11-15.1-1. The statute states that "[t]he corporate authorities of any municipality may enter into an annexation agreement with . . . the owners of record of land in unincorporated territory. That land may be annexed to the municipality in the manner provided in Article 7 at the time the land is or becomes contiguous to the municipality." 65 ILCS 5/11-15.1-1. Further, 65 ILCS 5/11-15.1-3 governs the procedure by which these agreements may be entered into. It states that "[t]he corporate authorities shall fix a time for and hold a public hearing upon the proposed annexation agreement . . . and shall give notice of the proposed agreement . . . before the date fixed for the hearing." 65 ILCS 5/11-15.1-3. North Riverside did not give notice or hold a public hearing.

Broadview's argument fails, however, because there is no statutory requirement that all agreements which condition the annexation of land be entered into under 65 ILCS 5/11-15.1-1. Neither the United States of America, nor the Village of North Riverside contend that the annexation agreement was entered into pursuant to 65 ILCS 5/11-15.1-1. Additionally, neither the petition for annexation, (Compl. App. B) nor the agreement itself, (Compl. App. C) state that the agreement was entered into pursuant to 65 ILCS 5/11-15.1-1. Thus, because the agreement

entered into between the United States of America and the Village of North Riverside (Compl. App. C) was not a formal annexation agreement under 65 ILCS 5/11-15.1-1 *et seq.*, it was not subject to the notice and public hearing requirements set out in 65 ILCS 5/11-15.1-3. Broadview does state that "if a governmental body and a third party choose to proceed on the basis of an annexation agreement, they are subject to the requirements set out in 65 ILCS 5/11-15.1-1 *et seq.*" (Plaintiff's Response to Defendant's Rule 12(B) Motion to Dismiss, at 5-6) However, Broadview cites no precedent, and this court's research does not find any basis for this statement. Thus, there is no basis for invalidating this annexation because it was conditioned on an agreement.

## **CONCLUSION**

For the reasons addressed above, we grant the Village of Riverside's motion to dismiss. This case is set for status on June 2, 2006 at 9:00 a.m.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: April 26, 2006