IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEONPLE OF THE STATE OF ILLINOIS ex rel. VILLAGE OF BROADVIEW, ILLINOIS, an Illinois municipal corporation,<br><br>        Plaintiffs,<br><br>        v.<br><br>VILLAGE OF NORTH RIVERSIDE, ILLINOIS, an Illinois municipal corporation, the UNITED STATES OF AMERICA, by and through its agency, the ARMY CORPS OF ENGINEERS,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 05 C 4737<br>)<br>) Wayne R. Andersen<br>) District Judge<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM, OPINION AND ORDER**

This case is before the Court on the motion of Defendant United States of America to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, the motion to dismiss is granted.

Plaintiff, the Village of Broadview ("Broadview") brought a complaint against the Village of North Riverside ("North Riverside") for *quo warranto* and declaratory judgment and against the United States of America ("United States") for declaratory judgment only. On April 26, 2006, this Court dismissed the complaint in its entirety against defendant Village of North Riverside for its failure to state a claim upon which relief can be granted.

In that Memorandum Order and Opinion, this Court found that plaintiff lacked standing to bring a *quo warranto* action because it failed to make the required showing that it has a

private interest in the annexation of the subject territory. Based on this finding, plaintiff also cannot maintain an action for *quo warranto* relief against the United States.

In our April 26, 2006 Memorandum Order and Opinion, this Court also found that an action for declaratory judgment was unavailable to plaintiff because: (1) the only appropriate vehicle for challenging a completed annexation is *quo warranto*; (2) plaintiff lacked standing to claim that the annexation violated U.S. Army regulations since plaintiff had no private right of action to seek enforcement of the Army's regulations; (3) plaintiff lacked standing to claim that the annexation was rendered invalid by the fraudulent misrepresentations made by North Riverside since any such misrepresentations were made, not to plaintiff, but to the United States; (4) it was clear from the allegations in the complaint that all annexation requirements set out by the Illinois statute were met in this case; and (5) the annexation was not rendered invalid due to the fact that the United States and North Riverside entered into an annexation agreement without providing notice and a public hearing inasmuch as this was not the kind of formal agreement for which such procedures are required under the applicable Illinois statute.

Defendant United States now moves to dismiss Plaintiff's complaint against it for the same reasons referenced in our order dismissing defendant North Riverside. We find that plaintiff's action for declaratory relief (count II) also fails to state a claim against the United States for the reasons detailed in our April 26, 2006 order. Therefore, this case is dismissed in its entirety against defendant United States.

For the foregoing reasons, we grant the motion of defendant United States of America to

private interest in the annexation of the subject territory. Based on this finding, plaintiff also cannot maintain an action for *quo warranto* relief against the United States.

In our April 26, 2006 Memorandum Order and Opinion, this Court also found that an action for declaratory judgment was unavailable to plaintiff because: (1) the only appropriate vehicle for challenging a completed annexation is *quo warranto*; (2) plaintiff lacked standing to claim that the annexation violated U.S. Army regulations since plaintiff had no private right of action to seek enforcement of the Army's regulations; (3) plaintiff lacked standing to claim that the annexation was rendered invalid by the fraudulent misrepresentations made by North Riverside since any such misrepresentations were made, not to plaintiff, but to the United States; (4) it was clear from the allegations in the complaint that all annexation requirements set out by the Illinois statute were met in this case; and (5) the annexation was not rendered invalid due to the fact that the United States and North Riverside entered into an annexation agreement without providing notice and a public hearing inasmuch as this was not the kind of formal agreement for which such procedures are required under the applicable Illinois statute.

Defendant United States now moves to dismiss Plaintiff's complaint against it for the same reasons referenced in our order dismissing defendant North Riverside. We find that plaintiff's action for declaratory relief (count II) also fails to state a claim against the United States for the reasons detailed in our April 26, 2006 order. Therefore, this case is dismissed in its entirety against defendant United States.

For the foregoing reasons, we grant the motion of defendant United States of America to

dismiss plaintiff's complaint (# 21). This case is hereby terminated, and this is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: September 24, 2007